## DAMAGES AGAINST A POLICEMAN FOR ASSAULT.

Circuit Court of Hamilton County.

GUSTAVE A. RINGHAND v. EDWARD F. GRANNAN.

Decided, April 17, 1909.

*Police—May Arrest Without Warrant and Without Explaining Reason, When—Interference of By-stander—Assault of Officer on By-stander —Verdict Awarding Damages Sustained—Charge of Court.*

In an action against a policeman for damages for assault and battery, where the officer answers that the plaintiff interfered when he was attempting to arrest a third party and that he used no more force toward plaintiff than was necessary to prevent such interference, the law is correctly stated to the jury when they are told that the defendant as a peace officer was justified in arresting without warrant one found violating a valid city ordinance, and that the officer might use such force as was necessary to defend him-

self from attack by the offender, and this he might do without notifying him of the cause of his arrest.

*Thos. L. Michie* and *A. C. Fricke,* for plaintiff in error.
*Cogan & Williams,* contra.

SMITH, J.; GIFFEN, P. J., and SWING, J., concur.

This was an action for damages for assault and battery, instituted in the superior court of Cincinnati by Grannan, defendant in error, against Ringhand, plaintiff in error, a policeman of the city of Cincinnati.

Ringhand pleaded justification of his conduct on the ground that Grannan interfered with him in the discharge of his duties while he was attempting to arrest third parties who were disorderly; and sets up in his answer that if he laid hands upon the plaintiff, he used no more force than was necessary to prevent such interference.

The trial of the case resulted in a verdict and judgment of three hundred dollars in favor of the plaintiff. Error has been prosecuted to this court to set the judgment aside.

An examination of the evidence satisfies the court that the verdict and judgment are fully sustained thereby. The jury found upon the facts for the plaintiff, and unless there is other prejudicial error in the record the judgment must be affirmed.

In this regard the court is of the opinion that the law was correctly stated to the jury by the trial court, both in the general and special charges; the burden throughout being to the effect that the defendant as a peace officer was justified in arresting one without a warrant, found violating a valid ordinance of the city, and that the officer might use such force as was necessary to make the arrest in order to defend himself from the attack of the offender, and this he might do without notifying him of the cause of the arrest.

This left it for the jury to determine the one fact in the case as to whether or not there was an assault and battery as claimed, and the jury found in favor of plaintiff.

We do not think the verdict is excessive, and finding no errors in the record the judgment is affirmed.